Daniel, J,
 

 The plaintiff, jji his bill, states that he was
 
 *133
 
 seized in fee of two tracts of land — that writs of execution were issued against his property by hi§ creditors — that one of the tracts was exposed to sale in the year 1818, and the other in the year 1819 — that there was an express agreement and understanding between him and the defendant, that the defendant should act as his friend in bidding off the said tracts of land, and that he would bid them off for the plaintiff and not for himself, and that he was not to keep Or claim the same; but upon the plaintiff’s paying the said sums with interest, the defendant was to claim no further interest therein — that the said agreement was known to the people at the sale, and competition was thereby stifled — that the defendant purchased the two tracts of land for $ 190, a sum far below the value of the lands. The plaintiff says, that he has in various ways paid this sum, and all other debts and demands which the defendant had on him — that, notwithstanding, the defendant obtained a deed from the sheriff, and has brought an action of ejectment to turn him out of possession. The bill prays for an injunction, and for general relief.
 

 The defendant, in his answer, admits that he purchased at sheriff ’s sale the two tracts of land mentioned in the bill, and has taken a deed, and has brought an action of ejectment: But he denies, that he made any agreement with the plaintiff to purchase the land for his benefit, or to suffer him to redeem, on paying the purchase money with interest, or upon any other terms. The defendant denies that the plaintiff has paid, or that he, the defendant, has received payment and satisfaction for the purchase money, and other just claims which he then held against him. The defendant says, that the plaintiff’ is still largely indebted to him for monies advanced before the sale of the land. The defendant has been permitted to put in a supplemental answer, and, in it, he states that the equity of redemption of the plaintiff (if he had any,) has been sold by the sheriff under execution, and that he, the defendant, became the purcaser for the purpose of putting an end to this suit in equity; and not because he admitted or believed that the plaintiff had an equity of redemption in the lands.
 

 There was a replication to the answer.
 

 
 *134
 
 As to the matter stated in the supplemental answer, it is unnecessalT to enquire what would be the effect thereof, if established; because the defendant has exhibited no proof to sustain it.
 
 Secondly;
 
 as to the agreement stated in the bill, that the defendant was to purchase the lands and let the plain-tiff redeem, it is proved to the satisfaction of this court by the deposition of many witnesses, that the purchase was made for the benefit of the plaintiff, and that he was to redeem, on repaying the purchase money and interest, and also any balance that might be doe the defendant on a settlement of their accounts. On this agreement being made known to the people attending the sale, two persons (Jarman and Harrison) desisted from bidding for the land, and the defendant was permitted to purchase lands worth g450, for the small sum of $199 20. The case made by the bill, and that established by the proofs, varies in nothing but in the amount of money the plaintiff was to pay to redeem. The attempt in the defendant to set up an irredeemable title, after the agreement he entered into, is such a fraud as this court will relieve against. We think, and so declare, that the plaintiff is entitled to redeem, on repaying the purchase money with interest, and any balance remaining due on a general account to be taken.
 

 Per Curiam, Decree for the plaintiff that the defendant account &c.